JUSTICE GABRIEL, dissenting.
¶44 The majority concludes that the economic loss rule does not apply to respondents BlueRadios, Inc.'s and Mark Kramer's (collectively, "BlueRadios's") civil theft counterclaim in this case because in its view, even if civil theft is a claim sounding in tort, the judge-made economic loss rule cannot bar a statutory cause of action. Maj. op. ¶ 18. Unlike the majority, on the facts of this case, I perceive no conflict between acknowledging the statutory cause of action created by the legislature in the civil theft statute and enforcing the economic loss rule. In contrast, by allowing BlueRadios's civil theft claim to proceed, the majority inappropriately overrides the General Assembly's express intent in enacting the Uniform Trade Secrets Act, sections 7 -74-101 to - 110, C.R.S. (2018) ("UTSA"). In addition, although the majority does not need to address the issue, in my view, BlueRadios's civil theft claim is an action sounding in tort that asserts nothing more than a breach of Bermel's contractual *1160 duty to protect BlueRadios's trade secrets. Accordingly, I believe that this claim is barred by the economic loss rule. To hold otherwise, as the majority does, dramatically expands BlueRadios's contractual remedies and establishes a precedent that I fear will inappropriately allow many future contract claims to be asserted as civil theft claims, in pursuit of otherwise unavailable treble damages and attorney fees awards.
¶45 I therefore respectfully dissent.
I. Factual Background
¶46 The majority has set forth the applicable facts accurately and in detail, and I need not repeat those facts here. I, however, highlight what I perceive to be the salient allegations of BlueRadios's counterclaims because those allegations inform my analysis in this case.
¶47 In its Amended Answer to Amended Complaint and Counterclaims, BlueRadios alleges, "These Counterclaims arise from the wrongful action of the Plaintiff [i.e., Bermel] who misappropriated confidential information and trade secrets." In support of this allegation, BlueRadios asserts that Bermel was provided access to and had knowledge and use of "highly confidential and proprietary information as well as trade secrets which belonged to BlueRadios or in which BlueRadios had an obligation to maintain the confidential nature of (collectively, the 'Confidential Information [sic] )." BlueRadios further asserts that most of this Confidential Information was contained in emails or attachments thereto that were on the BlueRadios email account provided to Bermel. And BlueRadios contends that Bermel acknowledged the Confidential Information and agreed to maintain its confidentiality in an independent contractor agreement and a Proprietary Information and Invention Agreement, both of which he signed on June 15, 2009.
¶48 Based on these factual allegations, BlueRadios purports to assert a counterclaim for civil theft. As pertinent here, for its civil theft counterclaim, BlueRadios alleges that Bermel knowingly obtained control over the Confidential Information without authorization and that he intended to deprive BlueRadios of the Confidential Information and the benefit of that Confidential Information permanently.
¶49 Notably, BlueRadios also asserts a counterclaim for breach of Bermel's contractual duty of confidentiality. For this counterclaim, BlueRadios alleges, in pertinent part, "In violation of his agreement with BlueRadios, Plaintiff has improperly used, compromised and/or disclosed BlueRadio's [sic] Confidential Information."
¶50 And as pertinent here, BlueRadios asserts a counterclaim for violation of the UTSA. For this counterclaim, BlueRadios alleges, in pertinent part, that by taking the Confidential Information without permission or notice, Bermel compromised and improperly threatened to use and/or disclose the Confidential Information in violation of the UTSA.
II. Analysis
¶51 I begin by setting forth the economic loss rule and explaining why I disagree with the majority's conclusion that even if civil theft is a claim sounding in tort, the judge-made economic loss rule cannot bar a statutory cause of action. I then explain why I believe that civil theft is a tort and why, in my view, the economic loss rule bars BlueRadios's civil theft counterclaim in this case.
A. The Economic Loss Rule and Civil Theft Claims
¶52 In Town of Alma v. AZCO Construction, Inc. , 10 P.3d 1256, 1264 (Colo. 2000), this court expressly adopted the economic loss rule. That rule provides that "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." Id. This rule recognizes that although contract law and tort law traditionally occupy discrete spheres of legal practice, the distinction between the two frequently blurs. Id. at 1259. Thus, "[b]roadly speaking, the economic loss rule is intended to maintain the boundary between contract law and tort law." Id.
*1161 ¶53 To decide whether the economic loss rule bars a tort claim, courts must first determine the source of the duty at issue. BRW, Inc. v. Dufficy & Sons, Inc. , 99 P.3d 66, 74 (Colo. 2004). To make this determination, courts may consider whether (1) the relief sought in negligence is the same as the contractual relief, (2) there is a recognized common law duty of care in negligence, and (3) the negligence duty differs in any way from the contractual duty. Id. If the subject duty of care is also "memorialized in the contract[ ] [at issue], it follows that the plaintiff has not shown any duty independent of the ... contract[ ] and the economic loss rule bars the tort claim and holds the parties to the contract['s] terms." Id.
¶54 Here, the majority concludes that even if civil theft is a claim sounding in tort, the judge-made economic loss rule cannot bar a statutory cause of action and therefore BlueRadios's civil theft claim could properly proceed. Maj. op. ¶ 18. I disagree.
¶55 Had the legislature intended the civil theft statute to provide a remedy for breach of contract in addition to a contractual remedy, then the statute would, of course, trump the economic loss rule. See Makoto USA, Inc. v. Russell , 250 P.3d 625, 629 (Colo. App. 2009). I, however, have seen no authority and no legislative history to suggest any such intent, and neither the majority nor BlueRadios cites any such authority. To the contrary, the conclusion that the majority reaches here undermines legislative intent because it effects a judicial override of the legislature's express intent in enacting the UTSA.
¶56 Section 7-74-108(1) of the UTSA states that, subject to exceptions for contractual remedies, other civil remedies not based on the misappropriation of trade secrets, or criminal remedies, the UTSA "displaces conflicting tort , restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." (Emphasis added.) Under the plain language of this provision, a party may not assert a civil claim for the misappropriation of trade secrets except under the UTSA or by way of a claim for breach of contract. Thus, allowing BlueRadios to assert a civil theft claim for what is, in reality, a misappropriation of trade secrets claim under the UTSA provides a judicial remedy that the legislature specifically prohibited. Again, neither the majority nor BlueRadios cites authority allowing us to override the legislature's intent in this way, and I have seen no such authority. To the contrary, well-settled principles of statutory interpretation require us to look at the entire statutory scheme (1) to give consistent, harmonious, and sensible effect to all of its parts and (2) to avoid interpretations that render words or provisions superfluous or ineffective. See People in Interest of L.M. , 2018 CO 34, ¶ 13, 416 P.3d 875, 879. My analysis gives meaning to both the UTSA and the civil theft statute. The majority's construction renders them in conflict.
¶57 On this point, I note that the majority declines to address this conflict because, in its view, the issue is beyond the scope of the question for which we granted review and appeared nowhere in Bermel's certiorari petition. Maj. op. ¶ 18 n.4. For two reasons, I disagree with the majority's approach.
¶58 First, Bermel's position is that the rule that the division below adopted (and that the majority now affirms) is inconsistent with the legislature's intent and creates a conflict between the civil theft statute and the UTSA. In my view, this contention, which was discussed extensively in the parties' briefs and which was addressed at oral argument, is a proper response to the rule that the division adopted, and it falls well within the bounds of the question for which we granted review (i.e., whether BlueRadios's civil theft claim is barred by the economic loss rule on the facts of this case).
¶59 Second, I do not believe that it is appropriate for this court to adopt a broad principle of law while disregarding the known fact that the principle it is adopting conflicts with a state statute.
¶60 For these reasons, on the facts presented here, I perceive no conflict between acknowledging the statutory cause of action created by the legislature in the civil theft statute and enforcing the economic loss rule. Indeed, in my view, enforcing the rule here, if it applies, would promote the legislature's *1162 intent. I thus turn to the issue of whether the economic loss rule applies to BlueRadios's civil theft claim.
B. The Economic Loss Rule Bars BlueRadios's Civil Theft Claim
¶61 Section 18-4-405, C.R.S. (2018), provides that when property is obtained from an owner by theft, robbery, or burglary, "[t]he owner may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property." The statute further provides that "[i]n any such action, the owner may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorney fees." Id. Thus, the statute establishes a civil action for damages for property owners who are the victims of theft, robbery, or burglary. The question thus becomes whether such a civil action is a claim lying in tort for purposes of the economic loss rule. I believe that it is.
¶62 In Town of Alma , 10 P.3d at 1262, we explained that "[t]he essential difference between a tort obligation and a contract obligation is the source of the duties of the parties." Tort obligations generally arise from duties imposed by law, are designed to protect citizens from harm to their persons or property, and are imposed without regard to any agreement or contract. Id. ; see also Bd. of Cty. Comm'rs v. Slovek , 723 P.2d 1309, 1318 (Colo. 1986) (noting that plaintiff landowners may recover for the loss of the use of their property resulting from the tortious conduct of the defendant). Contractual obligations, in contrast, arise from promises made between and among parties. Town of Alma , 10 P.3d at 1262. "Contract law is intended to enforce the expectancy interests created by the parties' promises so that they can allocate risks and costs during their bargaining." Id. Contract law thus encourages parties to allocate such risks and costs in the course of a contract negotiation in order to alleviate any "fear that unanticipated liability may arise in the future, effectively negating the parties' efforts to build these cost considerations into the contract." Id.
¶63 Applying these principles here leads me to conclude that for purposes of the economic loss rule, a private cause of action for civil theft is a tort. Such an action arises from a duty imposed by law, and this duty is designed to protect citizens from harm to their property interests. Moreover, the duty established by the civil theft statute is imposed without regard to any agreement or contract between the parties and does not arise out of any promises made between or among them.
¶64 This leaves the issue of whether the economic loss rule bars BlueRadios's civil theft claim on the facts of this case. I believe that it does.
¶65 As noted above, BlueRadios's civil theft claim is premised on Bermel's allegedly obtaining control over BlueRadios's Confidential Information (defined as its confidential and proprietary information and trade secrets) without authorization and with the intent to deprive BlueRadios of the use and benefit of that Confidential Information. The very same conduct, however, is covered by the independent contractor agreement and the Proprietary Information and Inventions Agreement that Bermel and BlueRadios signed. Indeed, BlueRadios has asserted a counterclaim for breach of the Proprietary Information and Inventions Agreement, and a comparison of BlueRadios's contract and civil theft counterclaims makes clear that the theft and contract claims are inextricably intertwined: BlueRadios cannot establish its civil theft claim without also establishing that Bermel breached his contract. Accordingly, in my view, BlueRadios is seeking to assert, through a civil theft claim, a tort action for economic damages arising from the breach of its express contract. Absent an independent duty of care under tort law, which BlueRadios cannot establish, this is precisely the type of claim that is barred by the economic loss rule. See Makoto , 250 P.3d at 627-29 (concluding that a civil theft claim was barred by the economic loss rule when, among other things, the plaintiff's theft claim was dependent on the contract claim, the theft claim could not have been proven without first *1163 proving that the defendants also breached their contract with the plaintiff, and the plaintiff did not identify any legal duty underlying the theft claim that was not also memorialized in the parties' contract).
¶66 For these reasons, I would conclude that BlueRadios's civil theft claim is barred by the economic loss rule. To hold otherwise and to allow the civil theft claim to proceed here would create a precedent under which many contract claims could be pleaded as civil theft claims, allowing an end run around contract law and the terms of the parties' contract. For example, a great many contract claims arise from a scenario in which one contracting party pays the other for goods or services and the other does not perform. Under the majority's analysis, the payor in this scenario could virtually always assert a civil theft claim (the payee allegedly stole the payor's money), allowing it to seek treble damages and attorney fees not otherwise available under the parties' contract. This, in turn, would result in precisely the kind of unanticipated liability (i.e., liability beyond the risks and costs that the parties allocated in their contract) that we deemed inappropriate in Town of Alma , 10 P.3d at 1262 (noting that such unanticipated liability would "effectively negat[e] the parties' efforts to build these cost considerations into the contract").
III. Conclusion
¶67 Because (1) I perceive no conflict in this case between acknowledging a statutory cause of action for civil theft and enforcing the economic loss rule; (2) the conclusion that the majority reaches undermines legislative intent by creating a conflict with the UTSA; (3) BlueRadios's civil theft claim is a tort claim for economic damages arising from Bermel's alleged breach of his duties under the parties' express contracts; and (4) allowing such a claim to proceed dramatically expands BlueRadios's contractual remedies, I would conclude that BlueRadios's civil theft claim is barred by the economic loss rule. As a result, I would reverse the division's judgment.
¶68 Accordingly, I respectfully dissent.
I am authorized to state that JUSTICE HART joins in this dissent.